**Geoffrey Polk**
7627 Lake St Ste 206 A34
River Forest, IL 60305
(312)929-3861
Email: geoff@geoffreypolk.com



RECEIVED
SEP 23 2025
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEOFFREY POLK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> THE ALASKA DIVISION OF ) <br> INSURANCE, DIVISION DIRECTOR ) <br> HEATHER CARPENTER, ) <br> ) <br> Defendant. ) <br> ) | C.A. No.: 3:25-cv-00239-SLG |

### COMPLAINT

Plaintiff, Geoffrey Polk ("Polk" or "Plaintiff"), *pro se*, files this Complaint, and hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2. The Defendant is subject to the personal jurisdiction of this Court because they are an officer of the state of Alaska and thus resides in the state of Alaska.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

1

## FACTUAL ALLEGATIONS

4. Polk holds an active resident Title Producer license in Florida, License No. G098349.

5. Polk holds non-resident Title Producer licenses in Nebraska, the District of Columbia, Oklahoma, Kansas, Indiana, Wisconsin, North Dakota, West Virginia, Georgia, Maryland, Montana, Pennsylvania, Michigan, Virginia, Tennessee, New Jersey, South Carolina, Colorado, Ohio, North Carolina, Minnesota, Nevada, New Hampshire, Rhode Island, Maine and Vermont as well as Title Examination and Escrow licenses in Utah. Polk holds a non-resident Qualified Title Principal Agent license in Missouri.

6. Polk is a legal resident of the state of Florida and is currently domiciled in Illinois.

7. On July 27, 2025, Polk applied for an Alaska Title Insurance Limited Producer license (hereafter "Title License").

8. Polk's application for a Title License was denied for "failure to maintain a place of business located in the state of Alaska." A true and complete copy of the denial with respect to the same is attached hereto, marked for identification, and made a part hereof as Exhibit A.

9. Section 21.27.150(a)(2) of the Alaska Statutes provides that the director may issue a "title insurance limited producer license to a person whose place of business is located in the state."

10. Polk did not have, nor does he have, any intention to reside in Alaska.

11. Polk is not a bona fide resident of Alaska.

12. Polk did not have, nor does he have any intention to maintain a "place of business" in Alaska.

2

13. The parties previously stipulated in Case 3:24-cv-0207-HRH to the unconstitutionality of AS 21.66.270 which required Polk to be a "resident" of the state of Alaska.

14. Section 21.27.150(a)(2) of the Alaska Statutes requirement that Polk, an individual, have a "place of business" in Alaska, is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

15. Section 21.27.150(a)(2) of the Alaska Statutes requirement that Polk, an individual, have a "place of business" in Alaska, is not "closely related to the advancement of a substantial state interest."

16. Polk desires to obtain his Title License and is being precluded from the same by Section 21.27.150(a)(2) of the Alaska Statutes.

17. The ability to pursue a livelihood as a licensed title agent in Alaska is part of Polk's fundamental right to pursue a common calling protected under the Privileges and Immunities Clause.

18. The Alaska Division of Insurance, Division Director, Heather Carpenter, is charged with making determinations relating to the licensure of Alaska Title Producers.

19. Section 21.27.150(a)(2) of the Alaska Statutes is mandatory in its terms and contains no waiver or hardship exception

20. Polk otherwise qualifies for a Title License absent the "place of business" requirement.

21. There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that Section 21.27.150(a)(2) of the Alaska Statutes requirement that an applicant have a "place of business" in Alaska is based on or directed at the same.

22. Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant have a "place of business" in Alaska is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

23. Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant have a "place of business" in Alaska is an unconstitutional discrimination against Polk in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

24. The Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, delegates to Congress the exclusive power to regulate interstate commerce. This power operates as a restraint on the legislative power of the states even when Congress has not expressly exercised that power, a doctrine known as the "dormant" Commerce Clause.

25. Any law that discriminates against interstate commerce in purpose or effect is *per se* unconstitutional. Even non-discriminatory burdens on interstate commerce are unconstitutional where the burdens imposed on interstate commerce are excessive in relation to the putative local benefits.

26. Section 21.27.150(a)(2) of the Alaska Statutes has a discriminatory effect on interstate commerce and out-of-state title agents wishing to do business in Alaska. Alaska residents may designate their home or first office as their definite place of business, while non-resident must incur additional costs to establish an in-state office to do business in the state.

27. Section 21.27.150(a)(2) of the Alaska Statutes has an additional discriminatory effect: it requires non-residents to travel to their definite place of business in Alaska to do business there, subjecting them to substantially higher costs and putting them on an unequal playing field.

28. This discrimination serves no legitimate local purpose, and even if it did, those purposes could be served by nondiscriminatory means.

29. These requirements also unduly burden interstate commerce. They impose significant burdens on non-resident Alaska title agents, including paying for additional rent, utilities, maintenance, and travel. They force title agents to perform services in Alaska even if they can be done more efficiently in another state.

30. This gives residents a competitive advantage over non-residents and dissuades non-residents from doing business in the state.

31. The burden on interstate commerce is not justified by any putative local benefit.

32. The requirements bear no relationship to ensuring title agents are fit for the trade, to regulating the profession, to accessing records, or to otherwise protecting consumer welfare. Instead, it serves only to protect residents from legitimate out-of-state competition and economic protectionism is not a constitutionally legitimate local benefit.

33. The burdens imposed by the "place of business" requirement are excessive in relation to the local benefits.

34. Plaintiffs have suffered and will continue to suffer substantial and irreparable harm unless Alaska's "place of business" requirement is declared unlawful and enjoined by this Court.

## COUNT I: DECLARATORY JUDGMENT

35. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

36. An actual controversy exists between Polk and Defendant as to the legality of Section 21.27.150(a)(2) of the Alaska Statutes.

37. The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

38. Defendant asserts a legal right or policy that the Plaintiff adamantly challenges and denies.

39. Polk requests from this Court a Declaratory Judgment declaring Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant have a "place of business" in Alaska unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution, the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, and the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment.

## COUNT II: INJUNCTIVE RELIEF

40. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

41. Polk requests from this court injunctive relief ordering the Defendant to cease enforcing Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant have a "place of business" in Alaska in violation of the United States Constitution.

42. Injunctive relief is necessary because the law precludes the granting to Polk an Title License as required by law.

43. Polk is being substantially and irreparably harmed by these actions in that Polk is being precluded from practicing his trade as a title agent.

44. Polk has incurred costs in the filing of this action and, should he retain attorneys, will incur attorneys' fees in this action.

6

## COUNT III: VIOLATION OF 42 U.S.C. §1983

45. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

46. By enforcing Section 21.27.150(a)(2) of the Alaska Statutes, Defendant, acting under color of state law, is depriving Plaintiffs of rights secured by the Constitution, including the Privileges and Immunities Clause, the Commerce Clause, and the Equal Protection Clause, in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray to the end, therefore:

A. THAT, this Honorable Court may pass a judgment against Defendant declaring Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant or title agent have a "place of business" in Alaska is unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution;

B. THAT, this Honorable Court may pass a judgment against Defendant declaring Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant or title agent have a "place of business" in Alaska is unconstitutional and in violation of the Commerce Clause of the United States Constitution;

C. THAT, this Honorable Court may pass a judgment against Defendant that Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant or title agent have a "place of business" in Alaska is unconstitutional and in violation of the Equal Protection Clause of the United States Constitution, as applied to the states through the 14th amendment;

D. THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendant to refrain from enforcing Section 21.27.150(a)(2) of the Alaska Statutes requirement that an individual applicant or title agent have a "place of business" in Alaska;

E. THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

s//Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL 60305
Ph: 312-929-3861

7

Email : Geoff@geoffreypolk.com

8

Presidential Title LLC
7627 Lake St. Ste 206 A34
River Forest, IL 60305



U.S. District Court
222 W. 7th Avenue, Room 229, Box/Suite #4
Anchorage, AK 99513