## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEOFFREY POLK,<br><br>    Plaintiff,<br><br>  v.<br><br>HEATHER CARPENTER,<br><br>    Defendant. | Case No. 3:25-cv-00239-SLG |

### STANDING ORDER FOR CASES FILED
### BY SELF-REPRESENTED LITIGANTS

  The Clerk has received a Complaint, a civil cover sheet, and payment of the filing fee from self-represented litigant Geoffrey Polk (Plaintiff) that have been docketed and assigned a case number in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above.[1] Docketed items are the official court record. A summons was issued by the Court on September 23, 2025.

  This order is intended to provide general information about federal civil litigation to self-represented litigants. It is not a substitute for legal advice from an attorney.[2] While the Court may act with leniency towards a self-represented litigant, all litigants—including attorneys and self-represented litigants—are expected to review and comply with the Federal Rules of Civil Procedure, the

---

[1] Dockets 1-2.

[2] The Court cannot provide legal advice or act as a party's attorney. *See Pliler v. Ford,* 542 U.S. 225, 231 (2004) ("Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

District of Alaska's Local Civil Rules, and all Court orders.[3] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.[4]

Although cases filed by non-prisoners who have paid the filing fee are not subject to the 28 U.S.C. §§ 1915(e) or 1915A screening requirements, federal courts retain the inherent authority to dismiss a case if the court lacks subject matter jurisdiction over the claims or personal jurisdiction over the defendants,[5] if the venue is improper,[6] if the claims are frivolous, or other defects.

---

[3] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[4] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[5] A plaintiff must show that a court has personal jurisdiction over an out-of-state defendant. *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015). The Ninth Circuit employs a three-prong test to determine whether courts may exercise specific personal jurisdiction over a defendant: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citations omitted).

[6] Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or where "a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1)-(2).

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 2 of 8
Case 3:25-cv-00239-SLG    Document 4    Filed 10/21/25    Page 2 of 8

Federal courts are courts of limited jurisdiction, meaning they can only hear cases authorized by the Constitution and federal statutes.[7] Federal courts have subject matter jurisdiction over cases involving a federal question,[8] and disputes between citizens of different states involving an amount in controversy greater than $75,000.[9] A federal court may also assert supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal clams, but a plaintiff must first have a cognizable claim for relief under federal law.[10]

Plaintiff is responsible for ensuring service of process on each defendant is completed in accordance with Rule 4 of the Federal Rules of Civil Procedure. This means that within 90 days of the date of this order, Plaintiff must complete initial service of the Complaint and the Court-issued Summons in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure, and file with this Court proof that such service has been completed. The requirements of service are not considered met unless proof of service is timely filed with the Court.[11]

Defendant(s) may respond to a complaint by filing a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure or by filing an answer to the complaint. If a defendant(s) files a Rule 12(b) motion, a plaintiff is accorded an

---

[7] U.S.C. Const. Art. III § 2, cl. 1.
[8] 28 U.S.C. §1331.
[9] 28 U.S.C. §1332 (diversity jurisdiction).
[10] 28 U.S.C. § 1367(a).
[11] Fed. R. Civ. P. Rule 4(l)(1).

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 3 of 8
Case 3:25-cv-00239-SLG    Document 4    Filed 10/21/25    Page 3 of 8

opportunity to respond. If a defendant(s) files an answer, the Court will issue a Scheduling and Planning Order under Federal Rule of Civil Procedure 16(b) setting deadlines for initial disclosures,[12] discovery,[13] and dispositive motions (such as motions for summary judgment).[14]

**IT IS THEREFORE ORDERED:**

1. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

2. All future papers sent to the Court must be identified with the name of the Court, the case number, Plaintiff's full name, the name of the first-listed Defendant, and the title of the document, as illustrated on the first page of this order.[15]

3. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[16] Conventional filing means the original paper documents are provided to the Clerk's Office either in person or

---

[12] Fed. R. Civ. P. 26(a)(1).

[13] Fed. R. Civ. P. 26–37.

[14] Fed. R. Civ. P. 56.

[15] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[16] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 4 of 8
Case 3:25-cv-00239-SLG   Document 4   Filed 10/21/25   Page 4 of 8

by mail.[17] If filing by mail, the documents must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

4. All documents filed with the Court must contain an original signature.[18] Although handwritten filings are permitted, all filings must be legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[19]

5. A motion should contain the information identified in the caption of this order and should be titled "Motion for (<u>add the relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants so that the Court understands what the party is requesting, along with any relevant legal authority that supports the party's request. The Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

6. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that

---

[17] Local Civil Rule 1.1(b)(5).

[18] Fed. R. Civ. P. 11.

[19] *See* Local Civil Rule 7.5.

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 5 of 8

document was filed on the docket and the docket number of the document in the electronic case file for the case.

7. Only registered attorneys are permitted to file electronically using the Court's Case Management/Electronic Case Filing System ("CM/ECF System"). However, self-represented litigants are not required to conventionally serve a copy of their filings on a party who is already receiving electronic service.

8. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.

9. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from Self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

10. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[20] Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records

---

[20] Alaska Local Civil Rule 79.2(b).

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 6 of 8

electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[21] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[22] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[23]

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[24] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[21] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Aug. 13, 2025).

[22] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed Aug. 13, 2025).

[23] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Aug. 13, 2025). *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added).

[24] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 7 of 8
Case 3:25-cv-00239-SLG    Document 4    Filed 10/21/25    Page 7 of 8

12. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. However, please note that Clerk's Office staff are prohibited by law from providing legal advice.

DATED this 21st day of October 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00239-SLG, *Polk v. Carpenter*
Standing Order for Self-Represented Litigants
Page 8 of 8
Case 3:25-cv-00239-SLG   Document 4   Filed 10/21/25   Page 8 of 8