STEPHEN J. COX
ATTORNEY GENERAL

Kevin A. Higgins (Alaska Bar No. 0711104)
Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: kevin.higgins@alaska.gov

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEOFFREY POLK,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF ALASKA,<br>DIVISION OF INSURANCE, ACTING<br>DIRECTOR HEATHER CARPENTER,<br><br>      Defendant. | Case No.: 3:25-cv-00239-SLG |

**ANSWER TO COMPLAINT**

1. This paragraph states a legal conclusion to which no response is required.

2. This paragraph states a legal conclusion to which no response is required.

3. This paragraph states a legal conclusion to which no response is required.

4. Admit.

5. Admit, in part. Defendant is without sufficient knowledge or information to admit or deny the allegations that Plaintiff's nonresident insurance producer license in Missouri is a "Qualified Title Principal Agent license."

6. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

7. Admit.

8. Defendant construes the allegations in Paragraph 8 of the complaint as a purported summary of Exhibit A, which speaks for itself.

9. The quoted statute speaks for itself.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

13. Admit that in *Geoffrey Polk v. The Alaska Division of Insurance, Division Director Lori Wing-Heier*, case 3:24-cv-00207-HRH, a Stipulated Judgment and Order permanently enjoins Defendant from enforcing the requirement of AS 21.66.270 that "[a] title insurance limited producer may not obtain a license unless the producer is a resident of the state."

14. This paragraph states a legal conclusion to which no response is required.

*POLK v. STATE*  
Answer to Complaint  
Case No.: 3:25-cv-00239-SLG  
Page 2 of 7  
Case 3:25-cv-00239-SLG   Document 7   Filed 11/12/25   Page 2 of 7

15. This paragraph states a legal conclusion to which no response is required.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

17. This paragraph states a legal conclusion to which no response is required.

18. Admit that the Heather Carpenter is the acting director of the Division of Insurance, and, in her official capacity, she "may not issue . . . a license except in compliance with [title 21, chapter 27 of the Alaska Statutes] and may not issue a license to a person . . . who has not established to [her] satisfaction . . . that the person is qualified under [title 21, chapter 27 of the Alaska Statutes]."

19. This paragraph states a legal conclusion to which no response is required, and the statute speaks for itself.

20. Admit, in part. Plaintiff otherwise qualified for the license he applied for at the time of his application, but Defendant is without sufficient knowledge or information to admit or deny whether he currently is qualified for that type of license.

21. This paragraph states a legal conclusion to which no response is required.

22. This paragraph states a legal conclusion to which no response is required.

23. This paragraph states a legal conclusion to which no response is required.

24. This paragraph states a legal conclusion to which no response is required.

25. This paragraph states a legal conclusion to which no response is required.

26. This paragraph states a legal conclusion to which no response is required.

27. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

28. This paragraph states a legal conclusion to which no response is required.

29. This paragraph states a legal conclusion to which no response is required. To the extent to which this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

30. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

31. This paragraph states a legal conclusion to which no response is required.

32. This paragraph states a legal conclusion to which no response is required.

33. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

34. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

**COUNT I: DECLARATORY JUDGMENT**

35. No response is required to this paragraph, which realleges and incorporates by references the allegations in previous paragraphs.

36. This paragraph states a legal conclusion to which no response is required.

37. This paragraph states a legal conclusion to which no response is required.

38. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges facts, Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

39. No response is required to this paragraph, which states Plaintiff's request for declaratory judgment. To the extent a response could be required, Defendant requests that the Court deny this request.

## COUNT II: INJUNCTIVE RELIEF

40. No response is required to this paragraph, which realleges and incorporates by references the allegations in previous paragraphs.

41. No response is required to this paragraph, which states Plaintiff's request for injunctive relief. To the extent a response could be required, Defendant requests that the Court deny this request.

42. This paragraph states a legal conclusion to which no response is required.

43. This paragraph states a legal conclusion to which no response is required.

44. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

## COUNT III: VIOLATION OF 42 U.S.C. § 1983

45. No response is required to this paragraph, which realleges and incorporates by references the allegations in previous paragraphs.

*POLK v. STATE*  Case No.: 3:25-cv-00239-SLG
Answer to Complaint  Page 5 of 7
Case 3:25-cv-00239-SLG   Document 7   Filed 11/12/25   Page 5 of 7

46. This paragraph states a legal conclusion to which no response is required.

## GENERAL RESPONSES

47. Except as expressly admitted above, all of Plaintiff's allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred because he failed to comply with the statutory requirements as conditions precedent to the filing of a complaint.

3. Plaintiff's claims may be barred as untimely or by the applicable statutes of limitations.

4. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, and accord and satisfaction.

5. Plaintiff's claims may be barred, in whole or in part, by his failure to plead claims with particularity or specificity.

6. Plaintiff's claims may be barred, in whole or in part, because of AS 09.50.250, sovereign immunity, qualified immunity, official immunity, or discretionary immunity.

7. Any claims for damages directly stemming from the Alaska Constitution or the United States Constitution against the State are barred because the State cannot be liable for such a cause of action.

8. Defendant reserves the right to assert additional defenses as inquiry, discovery, and investigation of this matter continues.

Therefore, Defendant respectfully requests that the Court dismiss the Plaintiff's complaint with prejudice, enter judgment in its favor, award available costs and fees, and order such other relief as may be appropriate.

DATED: November 12, 2025.  STEPHEN J. COX
ATTORNEY GENERAL

By: /s/Kevin A. Higgins
Kevin A. Higgins
Assistant Attorney General
Alaska Bar No. 0711104
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Phone: (907) 465-3600
Facsimile: (907) 465-2520
Email: kevin.higgins@alaska.gov
Attorneys for State of Alaska

*POLK v. STATE*  Case No.: 3:25-cv-00239-SLG
Answer to Complaint  Page 7 of 7
Case 3:25-cv-00239-SLG   Document 7   Filed 11/12/25   Page 7 of 7