# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

GEOFFREY POLK,

      Plaintiff,

  v.

HEATHER CARPENTER, The Alaska Division of Insurance, Division Director,

      Defendant.

Case No. 3:25-cv-00239-ACP

## ORDER DENYING MOTION FOR TELEPHONIC OR VIDEO PARTICIPATION

Before the Court is Geoffrey Polk's Unopposed Motion for Telephonic or Video Participation at Docket 14. Local Rule 7.3(i) addresses this situation, saying that the Court "may allow parties, counsel or witnesses to participate telephonically or by video conference." The Rule does not create a right to appear by phone or video. Rather, the Court has discretion to allow it when there is good cause to do so. As explained below, the motion is **DENIED** for two reasons.

First, the Motion violates several local rules. Rule 7.5(c) says that the signature page of filings must include an "Alaska bar number, if applicable." Polk appears to be an active member of the Alaska Bar, and he included the marker "esq." in his signature block. But he did not include his bar number. Even though Polk represents himself, the Court expects an active Alaska Bar member holding himself out as an esquire to include his Alaska Bar number on filings. Next, Rule 7.1(b) says that the "name of the presiding

1

judge for the case must be typed immediately under a signature line" on the proposed order. That did not happen here.

Second, and more importantly, Polk has not established good cause to appear by phone or video. The Motion asserts in one sentence that "requiring in-person attendance for this hearing would impose substantial travel costs and logistical burden[s] disproportionate to the matters at issue."[1] But the Motion says nothing more to explain the burden of appearing in person. Given that deficit, the Court disagrees with the bare assertion that the burden is "disproportionate to the matters at issue."[2] Polk urges the Court to declare that the Alaska Legislature passed a law violating the Constitution and enjoin the Alaska Executive Branch from ever enforcing the law against anyone.[3] That is a serious request, and the Court will benefit from hearing arguments in person to avoid the interference sometimes caused by technology.[4] Because Polk did not explain the burden of appearing in person and his Complaint raises a substantial issue, he has not established good cause to appear by phone or video.

The Motion at Docket 14 is **DENIED**. The hearing scheduled for April 6, 2026 at 2:00 PM will be held in person as scheduled in Anchorage Courtroom 3.

DATED this 24th of March, 2026 at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[1]    Dkt. 14.
[2]    *Id.*
[3]    Dkt. 1 at 7.
[4]    See Local Rule 7.3(i) (implying that in-person hearings are default).

2